

CLAIM MAIL PROCESSING CENTER
POST OFFICE BOX 58004
SARASOTA FL 34232-0800
PHONE: 800-226-3224
FAX: 1-800-226-3243
www.fcci-group.com

December 19, 2013

JAMES R. MILLER
LANGDALE VALLOTTON, LLP
P.O. BOX 1547
VALDOSTA, GA. 31603

RE: Carrier:        National Trust Insurance Company
    Our Insured:    STANDARD CONTRACTORS INC
    Our Claim No.:  C00092588-01
    Claimant:       Moody AFB USAF
    Date of Loss:   March 31, 2013

Dear Mr. Miller:

We have received and reviewed your letter of December 11th and wish to respond. It is clear in reading your letter that there is some misunderstanding concerning our position in this matter. As I am sure you are aware, with any claim there are issues of coverage and liability. A determination has to be made as to whether the policy provides coverage, but there is also a question of whether our insured is legally liable for the damage. Even if we have coverage for a particular loss, we would only pay those damages that the insured is legally liable for in tort (in tort only, as I am sure you are aware of the fact that a commercial general liability policy does not cover and specifically excludes contractual liability).

As you are aware and have pointed out, we initially determined that there was no coverage for this loss under Georgia law. Subsequent to that denial of coverage we reevaluated the coverage in light of new case law in Georgia that was relevant. At that time, we advised you that there may in fact be coverage for at least some of the damage being claimed, if not all the damage. We advised you that we would continue and proceed to handle the claim under a reservation of rights.

Our investigation indicates (and you have thus far agreed) that the insured was not negligent and therefore not liable for the damages being claimed. It is not our position (as you assert in your letter) that we "do not have to provide coverage because…SCI does not have "legal liability" for the subject loss". As noted above we have stated that there may in fact be coverage for at least some of the damages, however any payment is predicated upon the legal liability of our insured. As we have previously pointed out, the insuring agreement of the policy states "we will pay those sums that <u>the insured becomes legally obligated</u> to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." Simply stated, even if



PLAINTIFF'S EXHIBIT B

there is coverage we only have a duty to pay those sums that our insured is legally obligated to pay.

Our insured asserts that their subcontractor is at fault and that SCI has done nothing negligent in this matter. We agree with this assertion, however we also recognize that the subcontractor disputes that they are at fault and that there is a possibility that SCI could be held to be vicariously liable for the negligence of their subcontractor. Our offer of $50,000 is based on the **potential exposure for the partial negligence** of SCI in this matter.

Your letter presents a counter offer of $431,507.90, which as your letter states is the total repair cost. We would appreciate it if you could provide to us some analysis of what specifically this offer is based upon. Are you now asserting that SCI is 100% at fault for this loss and therefore we should pay the full repair costs? If so, please provide us with whatever new evidence you are relying upon which now proves the insured is fully at fault. Are you alleging that we are under some obligation under the policy to pay damages that someone else (rather than our insured) is legally obligated to pay? If so, please provide us with whatever legal supports you are relying on to support the argument that we have a duty to pay damages the insured is not legally obligated to pay.

We invite your response.

Sincerely,

*Alan Sienkiewicz*

Alan Sienkiewicz
Claim Specialist
asienkiewi@fcci-group.com
678 475 5215